**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

QUANDEAL BUGGS,

      Petitioner,      Case Number: 2:09-CV-11812

v.      HON. ARTHUR J. TARNOW

CINDI CURTIN,

      Respondent.
                   /

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Quandeal Buggs filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, challenges his convictions for two counts of armed robbery. Petitioner has now filed a Motion to Hold Habeas Petition in Abeyance so that he may return to state court to present three unexhausted claims. The Court shall grant Petitioner's motion, hold the present petition in abeyance, and administratively close the matter.

**I.**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of two counts of armed robbery. He was sentenced on December 13, 2006, to concurrent terms of sixteen to thirty years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising a single claim, that the evidence presented was insufficient to sustain his convictions. The Michigan Court of Appeals affirmed the convictions. *People v. Buggs*, No. 275481 (Mich. Ct. App. Feb. 5, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising

the same sufficiency of the evidence claim. The Michigan Supreme Court denied leave to appeal. *People v. Buggs*, 481 Mich. 879 (Mich. May 27, 2008).

Petitioner then filed the pending habeas corpus petition. He again raised only the claim that insufficient evidence was presented to prove his guilt beyond a reasonable doubt.

## II.

Petitioner has filed a Motion to Hold Habeas Petition in Abeyance so that he may exhaust three unexhausted claims in state court before amending his habeas petition to present these claims. The unexhausted claims are: (i) right to fair trial, due process; (ii) ineffective assistance of trial counsel; and (iii) ineffective assistance of appellate counsel.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). At the time Petitioner filed the pending petition, it appears that only approximately three months remained in the applicable limitations period. *See* 28 U.S.C. § 2244; *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003). Accordingly, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his own

2

ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Hold Habeas Petition in Abeyance is **GRANTED** and further proceedings in this matter are stayed. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 19, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary