UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUANDEAL BUGGS,

        Petitioner,        Case Number: 2:09-CV-11812

v.        HON. ARTHUR J. TARNOW

CINDI CURTIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY

Petitioner Quandeal Buggs has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of armed robbery. He challenges his convictions on the grounds that insufficient evidence was presented to sustain his convictions, the prosecutor intentionally solicited unrelated inadmissible evidence; trial counsel was ineffective; and appellate counsel was ineffective. Respondent, through the Attorney General's Office, has filed an answer in opposition to the petition arguing that certain of the claims are untimely and that all of the claims are meritless. The Court denied the petition and grants a certificate of appealability

**I.    Background**

Petitioner's convictions arise from a robbery that occurred sometime in the Summer of 2006, at the home of Ann Rogers in Pontiac. Four witnesses testified at trial.

All four witnesses testified that Petitioner came to Rogers' home with a gun, and demanded money. Police did not learn of the robbery until they began investigating a homicide that occurred at Rogers' home on July 28, 2006.

Ann Rogers testified that she lived in Pontiac in June 2006. People frequently came to her home to use drugs, including Patrick Strahan, Terry Tudhope, and Kirtus Thornton. They were at her home one day in June 2006, when Petitioner entered the home with a gun. Rogers was in her bedroom, when she heard a knock at the door. She heard the door open and then heard someone say, "Throw the money on the ground." Tr., 11/27/06 at 89. She entered the living room, where Tudhope, Thornton, Strahan, and a woman named Sheila were gathered. She saw Petitioner holding a gun. Rogers recognized Petitioner because he had been to her home several times prior to the robbery. She noticed a pile of money on the floor. Petitioner picked the money off the ground and left the home. Rogers did not contact police. This incident only came to light when police began investigating a homicide that occurred at Rogers' house in July.

Terry Tudhope testified that he knew Petitioner because he had seen Petitioner selling cocaine at Rogers' home on several occasions. Tudhope testified that sometime in June or July 2006, Petitioner entered Rogers' home with a handgun and demanded that everyone who was present throw their money on the floor. Tudhope had just made a large withdrawal from the bank and Petitioner robbed him of $450. Tudhope did not want police called after Petitioner left Rogers' home. He only spoke to police when they contacted him two or three months later regarding a murder investigation.

Kirtus Thurston testified that he frequently used drugs at Rogers' home. He saw Petitioner at Rogers' home one other time before the robbery. He purchased drugs at Rogers' home on the day of the robbery. Thurston testified that Petitioner came into the home, pointed a gun at everyone, and demanded money. Thurston only had fifty cents, which he threw on the floor. Petitioner took the money and left. Thurston did not contact police.

Finally, Patrick Strahan testified that he dated Ann Rogers. He admitted using drugs, but claimed to be sober on the day of the robbery. Strahan testified that, sometime in the Summer of 2006, Petitioner entered Rogers' home, pointed a gun at the occupants, and demanded their money. Strahan threw twenty dollars on the floor. Petitioner took all the money that had been thrown on the floor and left. He admitted that nobody called police after Petitioner left.

The defense did not present any witnesses.

## II.   Procedural History

Petitioner was charged in Oakland County Circuit Court with the armed robbery of Terry Tudhope and Kirtus Thurston. The record does not indicate why Petitioner was not charged with the armed robbery of Patrick Strahan. Following a jury trial, Petitioner was convicted of two counts of armed robbery. On December 13, 2006, he was sentenced to sixteen to thirty years' imprisonment for each conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the claim that the prosecution presented legally insufficient evidence that Petitioner

committed these offenses. The Michigan Court of Appeals confirmed the convictions. *People v. Buggs*, No. 275481, 2008 WL 314560 (Mich. Ct. App. Feb. 5, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to apepal. *People v. Buggs*, 481 Mich. 879 (Mich. 2008).

On May 11, 2009, Petitioner filed a habeas corpus petition, raising only a sufficiency of the evidence claim. He also filed a motion to stay further proceedings on his petition while he returned to state court to exhaust unexhausted claims. The Court granted the motion.

Petitioner returned to the trial court and filed a motion for relief from judgment, raising these claims: (i) prosecutor improperly elicited testimony that Petitioner was a suspect in a murder unrelated to the present case; (ii) trial counsel was ineffective in failing to investigate and interview alibi witnesses and prosecution witnesses, failing to challenge identification procedures, failing to assert an alibi defense, failing to file pretrial motions, and failing to properly cross-examine witnesses; and (iii) appellate counsel was ineffective. The trial court denied the motion. 9/10/10 Opinion and Order, *People v. Buggs*, No. 06-211099 (Oakland County Cir. Ct.). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Buggs*, No. 306102 (Mich. Ct. App. May 7, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The

Michigan Supreme Court denied leave to appeal. *People v. Buggs*, 493 Mich. 892 (Mich. 2012).

Petitioner then returned to this Court and asked that the stay be lifted. The Court granted the motion and lifted the stay. Petitioner filed an amended petition raising these claims:

> I. The prosecution presented legally insufficient evidence that petitioner committed these offenses thereby denying him his right to due process under the Federal and Michigan Constitutions, and his convictions should be vacated.
>
> II. Petitioner was denied a fair trial under the due process clause of the Fourteenth Amendment where the prosecution intentionally solicited testimony from a witness that petitioner was a suspect in a murder that was completely unrelated to the charges for which petitioner was on trial.
>
> III. Petitioner Buggs was denied his Sixth Amendment right to the effective assistance of counsel, where trial counsel failed to call alibi witnesses, and instead relied solely on the weaknesses of the State's case without presenting any witnesses or defenses.
>
> IV. Petitioner Buggs was denied his constitutional right to the effective assistance of appellate counsel on direct appeal.

**III.  Standard**

This habeas petition is reviewed under the exacting standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

6

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact *and* that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Discussion

### A. Sufficiency of the Evidence

In his first habeas claim, Petitioner argues that insufficient evidence was presented to sustain his convictions for armed robbery because the prosecution did not prove the date on which the robbery occurred. He also argues that there was insufficient evidence presented to prove that he robbed Kirtus Thurston because witness Terry Tudhope testified that he was the only person robbed at Rogers' home.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether

"after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), quoting *Jackson*, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

Under Michigan law, the elements or armed robbery are: "(1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while armed with a weapon." *Buggs*, 2008 WL 314560 at *1, *citing People v. Smith*, 478 Mich. 292, 319, 733 N.W.2d 351 (2007). "To show an assault, the evidence must prove that the defendant

8

either made an attempted battery or placed another in reasonable apprehension of an immediate battery." *Id. citing People v. Watkins*, 247 Mich.App. 14, 33, 634 N.W.2d 370 (2001), aff'd 468 Mich. 233, 661 N.W.2d 553 (2003).

The Michigan Court of Appeals found sufficient evidence was presented for a jury to find beyond a reasonable doubt that Petitioner robbed Tudhope and Thurston at gunpoint. *Id.* at 1-2. In reaching its decision, the state court relied on the testimony from four witnesses that Petitioner took money from Tudhope and the testimony from two witnesses that Petitioner took money from Thurston. The state court recognized that Tudhope testified that he was the only one robbed, but deferred to the jury's resolution of inconsistencies in the evidence. *Id.* In addition, the Michigan Court of Appeals rejected Petitioner's claim that insufficient evidence was presented to sustain his convictions because no witness pinpointed the date on which the robbery occurred. The Michigan Court of Appeals held that because time is not an element of armed robbery the prosecution was not required to prove the date on which the robbery occurred beyond a reasonable doubt. *Id.* Further, the information charged Petitioner with a robbery occurring "on or about June 20, 2006, and two witnesses agreed that the incident may have occurred on this date." *Id.* at *2. Petitioner did not attempt to present an alibi defense for this date. Thus, the state court concluded, "the prosecution presented sufficient evidence that a rational trier of fact could conclude that the elements of armed robbery were proved beyond a reasonable doubt." *Id.*

9

All of the prosecution witnesses were some degree of drug user and none could remember the date on which the robbery occurred. But, "[a] reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Instead, faced with contradictory testimony, the Court must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010), (quoting *Jackson*, 443 U.S. at 326). The jury was made aware of the backgrounds of the prosecution witnesses and the drug-related activity at Rogers' house. The jury, nevertheless, obviously believed the testimony that Thurston and Tudhope were robbed. The testimony, if believed, supported that verdict.

Further, this Court must defer to the State's determination of the elements of a criminal defense. *See Gimotty v. Elo*, 40 F. App'x 29, 32 (6th Cir. 2002) ("States are free to define the elements of, and defenses to, crimes."); *Montana v. Egelhoff,* 518 U.S. 37, 58 (1996) (Ginsburg, J., concurring) ("States enjoy wide latitude in defining the elements of criminal offenses."). The state court held that time is not an element of armed robbery, and, therefore, that the state was not required to prove the date on which the offenses occurred. *See United States v. Franz*, 772 F.3d 134, 156 n.24 (3d Cir. 2014) (holding that when time is not a specific element of an offense "proof of the acts charged on any date within the statute of limitations" is sufficient to support a conviction); *United States v.*

10

*Wells*, 646 F.3d 1097, 1103-04 (8th Cir. 2011) (same); *United States v. Antonelli*, 439 F.2d 1068, 1070 (1st Cir. 1971) (exact time of commission not a substantive element of proof unless statute intended to have such effect). There is no indication that the state court acted unreasonably. It viewed the evidence in the light most favorable to the state and assessed its sufficiency, under the essential elements of the charged offense, to support the jury's verdict. Habeas relief is denied on this claim.

### B. Prosecutorial Misconduct Claim

Petitioner claims that the prosecutor committed misconduct when he elicited testimony from a witness that Petitioner was a suspect in a murder that was unrelated to the charges for which Petitioner was standing trial.[1] During the direct examination of Terry Tudhope, the following exchange occurred:

| | |
|---|---|
| Prosecutor: | At some point in time, however, you were contacted by the police? |
| Mr. Tudhope: | Yes, I was. They came into my place of business and explained to me that – can I explain? I was told that there was a murder that happened at that house, and the same person that robbed me – |
| Def. counsel: | Judge – objection, Judge. |
| Mr. Tudhope: | – was suspected. |

---

[1] Respondent argues that this claim and Petitioner's ineffective assistance of counsel claim are untimely. The statute of limitations is not a jurisdictional bar to habeas review. *Smith v. State of Ohio Dep't of Rehabilitation*, 463 F.3d 426, 429 n.2 (6th Cir. 2006). A federal court may proceed to the merits of a habeas petition rather than resolve the question of timeliness in the interest of judicial economy. *Id.* Here, the Court need not decide the issue of timeliness because Petitioner's claims fail for reasons other than the statute of limitations.

11

  Def. counsel:  Judge.

  The Court:  Sustained.

  Mr. Tudhope:  Okay.

  The Court:  It's not relevant.

Tr., 11/27/06 at 137-38.

  Petitioner raised this claim for the first time on collateral review in state court. The trial court denied the claim, finding no misconduct because the prosecutor did not intentionally elicit this testimony, defense counsel immediately objected, and the trial court informed the jury that it was irrelevant. *See* 9/9/10 Opinion and Order, *People v. Buggs*, No. 06-211099, ECF No. 22-3.

  The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, — U.S.—, 132 S. Ct. 2148, 2153 (June 11, 2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). The Michigan Court of Appeals, despite finding the claims not properly preserved, nevertheless, denied them on the merits. This Court must ask whether the decision denying Petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"

*Parker*, — U.S. at —, 132 S. Ct. at 2155, quoting *Harrington*, 562 U.S. at 103. "[T]he *Darden* standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations.'" *Id.* quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The trial court's decision was not contrary to or an unreasonable application of *Darden*. The prosecutor's question invited a "yes" or "no" response. Additional information was volunteered by Tudhope and cannot fairly be attributed to prosecutorial misconduct. In addition, defense counsel's immediate objection and the trial court's admonition that this testimony was irrelevant cured any potential prejudice. Habeas relief is denied on this claim.

### C. Ineffective Assistance of Counsel Claim

In his third claim, Petitioner argues that counsel was ineffective in failing to present three alibi witnesses, who would have testified that Petitioner was at their home continuously from the afternoon of June 20, 2006 through the evening of June 21, 2006.

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's

13

performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

"The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'*s* deferential standard." *Id.*

Petitioner argues that counsel should have called three alibi witnesses: Courtney Thomas, who was Petitioner's girlfriend, and her parents, Carolyn and Kent Thomas, with whom Courtney lived. Petitioner states that these witnesses would have testified that

14

Petitioner was with Courtney at the Thomas home continuously from the afternoon of June 20, 2006 through the evening of June 21, 2006.  Petitioner first presented this claim on collateral review in state court.  The trial court denied the claim on the merits without any substantive discussion.  Nevertheless, the Court must apply AEDPA deference to the state court's decision.  *Harrington*, 562 U.S. at 98-99.

Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief.  *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir.1998).  Petitioner has failed to attach any offer of proof or any affidavits sworn by the proposed witnesses.  Petitioner offers no evidence beyond his own assertions as to whether his alleged alibi witnesses would have been willing to testify and what the content of their testimony would have been.  In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial.  *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir.2007).

Moreover, even if the alibi witnesses testified as Petitioner represents they would, he fails to show that he was prejudiced by their absence.  While the prosecutor referenced the day of June 20, 2006, many times, none of the four eyewitnesses could recall the specific date on which the crime occurred.  Rogers and Thurston estimated that the crime occurred sometime in June, Tudhope testified it occurred in June or July, and Strahan testified only that it was sometime during the summer.  Given this vague testimony, testimony from Petitioner's proposed alibi witnesses attesting to his whereabouts on June 20 and 21 would not have provided him with a defense.

15

Habeas relief is denied on this claim.

### D. Ineffective Assistance of Appellate Counsel Claim

Finally, Petitioner argues that appellate counsel was ineffective in failing to raise on direct review the prosecutorial misconduct and ineffective assistance of counsel claims raised in this petition. He raises this claim in an attempt to excuse the anticipated procedural default of his habeas claims. Respondent did not argue that these claims were procedurally defaulted, nor did the Court *sua sponte* raise procedural default. Nevertheless, the Court briefly addresses Petitioner's ineffective assistance of appellate counsel claim.

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review the claims raised on collateral review and in his habeas petition. Petitioner has failed to show that any of these claims were potentially meritorious. Therefore, he cannot show that his appellate attorney was ineffective for failing to raise them on direct appeal.

### V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. §2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the application."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The Court concludes that reasonable jurists could debate its resolution of Petitioner's sufficiency of the evidence claim. The Court concludes that reasonable jurists would not debate its denial of Petitioner's remaining claims. Thus, the Court grants in part and denies in part a COA.

### VI. Conclusion

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DENIED. Furthermore, the Court GRANTS a certificate of appealability on Petitioner's sufficiency of the evidence claim and DENIES a certificate of appealability with respect to the remaining claims. The Court finds Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 17, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 17, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant